IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNY BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-03021-JPM-tmp |
| | ) | |
| JOHN M. McHUGH, | ) | |
| SECRETARY OF THE UNITED STATES | ) | |
| DEPARTMENT OF THE ARMY | ) | |
| CORPS OF ENGINEERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant John M. McHugh, Secretary of the U.S. Department of the Army Corps of Engineers's ("Defendant" or "Army Corps of Engineers") Motion to Dismiss, filed May 23, 2013. (ECF No. 13.) Plaintiff Johnny Boyd responded in opposition on July 8, 2013. (ECF No. 17.) Defendant filed his Reply to Plaintiff's Response on July 22, 2013. (ECF No. 21.)

For the following reasons, Defendant's Motion is GRANTED.

**I. Background**

This case concerns an alleged violation of Plaintiff's Fifth Amendment equal-protection rights arising under 42 U.S.C. § 1981, and the alleged age discrimination and resulting disparate treatment relating to Plaintiff's employment with

Defendant.  Plaintiff is a federal employee of the U.S. Army Corps of Engineers in the Memphis District.  (ECF No. 13-1 at PageID 41:4-18.)  Plaintiff claims that he "suffered loss of liberty and property, without due process of law," and therefore was denied equal protection under the Fifth Amendment and 42 U.S.C. § 1981.  (ECF No. 1 ¶ 1.)  Specifically, Plaintiff alleges that he has "suffered discrimination on the basis of age, and has been denied equal protection of the laws [sic] and [sic] a victim of disparate treatment in that the Plaintiff has not been paid for work done in a classification outside of his position description of WG-5788-06 Deckhand."  (Id. ¶ 3.)  Plaintiff alleges that he worked for Defendant as a "5903 Boat Operator for a number of years without receiving pay equal to that of other 5903 Boat Operators."  (Id. ¶ 4.)  Plaintiff also alleges that an arbitrator has previously determined that Plaintiff "should be classified for a higher pay grade because of his duties and that the parties should meet to negotiate a pay grade for Plaintiff," but Defendant has refused to do so.  (Id. ¶¶ 5-6.)  As a result, Plaintiff claims his Fifth Amendment rights have been violated, he has "suffered loss of liberty and property, without due process of law," he "has suffered loss of pay and compensation," he has "decreased retirement benefits," and has suffered "mental and physical anguish."  (Id. ¶¶ 1, 8.)

Defendant filed the instant Motion to Dismiss on the basis of lack of subject-matter jurisdiction under Federal Rule of

2

Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). (ECF No. 13 at 4-6.) Regarding Plaintiff's claim that his equal-protection rights were violated as a result of age-discrimination and disparate treatment, Defendant argues that the Court does not have subject-matter jurisdiction over this claim because Plaintiff styled his Complaint as arising under 42 U.S.C. § 1981, while the exclusive remedy for age-discrimination claims brought by federal-sector employees is the Age Discrimination in Employment Act ("ADEA"). (Id. at 4-5.) Regarding the merits of the equal-protection claim arising from the alleged age discrimination, Defendant asserts that the ADEA provides two options for bringing such a claim: (1) exhausting administrative remedies through the Equal Employment Opportunity Commission's ("EEOC") administrative process; or (2) filing the complaint in federal court after first giving the EEOC notice of the plaintiff's intent to file suit. (Id. at 5-6 (citing 29 U.S.C. § 633a(b)-(d)).) Defendant argues that Plaintiff has not satisfied these requirements, and therefore his claims should be dismissed. (Id. at 6.)

## II. Standard of Review

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a plaintiff's complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face,

3

. . . or it can attack the factual basis for jurisdiction . . . ." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings.

United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994) (citations omitted). Where a Rule 12(b)(1) motion challenges the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Williams v. Hooah Sec. Servs., LLC, 729 F. Supp. 2d 1011, 1012 (W.D. Tenn. 2010) (quoting Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)) (internal quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Ashcroft v. Iqbal, 556 U.S. 662

(2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (alteration in original) (quoting Iqbal, 556 U.S. at 678).

The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (quoting Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008)) (internal quotation marks omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (alteration in original) (citation omitted) (internal quotation marks omitted).

**III. Analysis**

    **A.   Claims Arising Under 42 U.S.C. § 1981**

Plaintiff brings his action claiming violations of his Fifth Amendment rights pursuant to 42 U.S.C. § 1981. (ECF No. 1 ¶ 1.) Plaintiff claims he "has suffered loss of liberty and property, without due process of law," and "has suffered discrimination on the basis of age, and has been denied equal

protection of the laws [sic] and [sic] a victim of disparate treatment in that [he] has not been paid for work done in a classification outside of his position description of WG-5788-06 Deckhand." (Id. ¶¶ 1, 3.) Taking Plaintiff's allegations as true, the Court interprets Plaintiff's claims as age-discrimination claims. Defendant argues that the ADEA provides the exclusive remedy for age-discrimination claims, therefore the Court lacks subject-matter jurisdiction as Plaintiff's claim is brought pursuant to § 1981. (ECF No. 13 at 4-5.)

Defendant does not state whether it presents a "facial" or "factual" challenge to this Court's subject-matter jurisdiction. The Court finds that the Motion raises a facial challenge to Plaintiff's Complaint as it does not implicate the factual basis of the age-discrimination claim. As a result, to determine the question of subject-matter jurisdiction only, the Court takes Plaintiff's allegations as true.

Section 1981 provides,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981, however, does not contemplate claims based on age discrimination; age-

discrimination claims are contemplated by the ADEA. See 29 U.S.C. §§ 621-634.

As it relates to federal employees, it is well-settled that the ADEA is the exclusive remedy for age-discrimination claims. See Briggs v. Potter 463 F.3d 507, 514 n.2 (6th Cir. 2006) ("Title VII provides protection from discrimination on the basis of race, color, religion, sex, or national origin, but does not provide protection from age discrimination. The ADEA is the federal statute that prohibits age discrimination, and the ADEA does prohibit age discrimination against federal government employees." (citations omitted)); see also, Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1368-70 (4th Cir. 1989); Purtill v. Harris, 658 F.2d 134, 137 (3d Cir. 1981); Paterson v. Weinberger, 644 F.2d 521, 525 (5th Cir. 1981). In Briggs v. Potter, 463 F.3d 507 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of an age-discrimination claim brought pursuant to § 1981, stating,

> Federal employees must rely upon Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination. In amending Title VII [and other federal statutes] to include federal employees, Congress created an exclusive judicial remedy for claims of discrimination in federal employment.

Id. at 517 (alteration in original) (quoting Davis v. Runyon, No. 96-4400, 1998 WL 96558, at *5 (6th Cir. Feb. 23, 1998)) (internal quotation marks omitted).

Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claim of age discrimination brought pursuant to § 1981, and the claim is, therefore, DISMISSED.

**B.   Age-Discrimination Claim**

Having established that Plaintiff's equal-protection claim is an age-discrimination claim, and that because Plaintiff is a federal employee, his age-discrimination claim arises solely under the ADEA, the Court turns to Plaintiff's claim within that context.

Defendant argues that this Court lacks subject-matter jurisdiction over Plaintiff's age-discrimination claim because Plaintiff has not exhausted his administrative remedies, and the claim should therefore be dismissed pursuant to Rule 12(b)(1). (ECF No. 13 at 6.)  The Sixth Circuit has stated, "[A] failure to exhaust administrative remedies . . . is not a jurisdictional bar, but rather a condition precedent to an action in federal court." McKnight v. Gates, 282 F. App'x 394, 397 n.2 (6th Cir. 2008) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-98 (1982); Mitchell v. Chapman, 343 F.3d 811, 819-20 (6th Cir. 2003)).  As a result, the proper analysis is under Rule 12(b)(6).  See id.

The Court notes that Defendant has attached documents outside the pleadings in support of its Motion to Dismiss for failure to state a claim under Rule 12(b)(6). Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In the instant case, the Court will consider these attachments without converting the instant Motion to a Motion for Summary Judgment as "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss" can be considered "so long as they are referred to in the complaint and are central to the claims contained therein." Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 681 (6th Cir. 2011) (alteration in original) (internal quotation marks omitted), reh'g & reh'g en banc denied, (6th Cir. July 28, 2011). Plaintiff's Complaint specifically alleges that he "exhausted all administrative remedies" (ECF No. 1 ¶ 2) and that he received a favorable arbitration award that Defendant has "refused" to honor (id. ¶¶ 5-6). Defendant has attached documents related to these assertions, therefore the documents are both "referred to in the complaint" and "are central to the claims contained therein." Additionally, Plaintiff attached an affidavit to his Response in Opposition

9

(see ECF No.17-1 at PageID 87 ("[T]his matter has gone before an arbitrator who determined that Plaintiff should be classified for a higher pay grade because of his duties and that the parties should meet to negotiate a pay grade for the Plaintiff.")), which the Court finds relates to the claims contained in the Complaint.

Regarding the ADEA as the exclusive remedy for Plaintiff's age-discrimination claim, the Sixth Circuit has explained,

> For Federal Government employees, the ADEA does not explicitly require a plaintiff to exhaust administrative remedies before bringing suit. Rather, a plaintiff has two alternative routes pursuant to 29 U.S.C. § 633a. Under subsections (b) and (c), "[a]n individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." Or "[h]e can decide to present the merits of his claim to a federal court in the first instance," pursuant to 29 U.S.C. § 633a(d).

McKnight, 282 F. App'x at 397 (alterations in original) (citations omitted) (quoting Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991)). As result, Plaintiff could have sought an administrative remedy through the EEOC for his age-discrimination claim and then brought suit in this Court, see 29 U.S.C. § 633a(b)-(c), or could have brought suit directly in this Court, see id. § 633a(d).

Pursuant to § 633a(d),

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under

> this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d)

Defendant argues that Plaintiff "cannot establish that he exhausted his administrative remedies or, alternatively, that he gave the Commission not less than thirty days' notice of an intent to file this action and that such notice was within 180 days after the alleged unlawful practice." (ECF No. 13 at 6.) Defendant includes the declaration of Shellie M. McGee, an Equal Employment Opportunity ("EEO") Officer and EEO Specialist employed in the Memphis District where Plaintiff would have invoked the administrative process for his claim or would have filed his notice to file his suit in federal court. (See ECF No. 13-5.) The declaration supports Defendant's argument that Plaintiff did not contact the "Memphis District EEO Office to report or give notice of his intent to forego the administrative process for filing an age discrimination [sic] complaint against the U.S. Army, Corps of Engineers, and file a civil suit directly in federal court." (Id. ¶ 7.)

While Plaintiff alleges he "exhausted all administrative remedies," the Court finds this statement is merely conclusory and does not warrant a factual inference in Plaintiff's favor. See In re Travel Agent Comm'n Antitrust Litig., 583 F.3d at 903

11

(stating the Court "need not accept as true legal conclusions or unwarranted factual inferences"). Plaintiff's Response in Opposition to the instant Motion does not address Defendant's argument, nor Defendant's supporting documents, that Plaintiff did not exhaust his administrative remedies or comply with the notice procedures required when filing an age-discrimination claim. (See ECF No. 17.) Further, Plaintiff attached the Affidavit of Melvin Tate (ECF No. 17-1), which restates many of the allegations contained in the Complaint, but makes no statement regarding Plaintiff's assertion that he exhausted his administrative remedies (see id.). While Plaintiff did file a grievance through his union and arbitrated that grievance, the arbitration award was set aside and Plaintiff's appeal was denied by the Sixth Circuit. (See ECF No. 13-2; ECF No. 13-3.) Nevertheless, the ADEA is the exclusive remedy for federal employees such as Plaintiff, and it requires an exhaustion of administrative remedies before suit or notice to the EEOC of the plaintiff's intent to file suit.

As a result, the Court finds that Plaintiff's age-discrimination claim does not comply with the required procedures of § 633a, whether he first sought EEOC review or filed the case in federal court in the first instance. Accordingly, Defendant's Motion to Dismiss pursuant to Rule

12(b)(6), for failure to state a claim, is GRANTED.  Plaintiff's claims against Defendant are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 11th day of September, 2013.

<u>/s/ JON P. McCALLA</u>
U.S. DISTRICT JUDGE